[Civ. No. 2637. Fourth Appellate District.—March 24, 1941.]

COCA COLA BOTTLING COMPANY (a Corporation), Respondent, v. FRANK FELICIANO et al., Appellants.

Fred A. Shaeffer for Appellants.

C. Douglas Smith and Marion A. Smith for Respondent.

BARNARD, P. J.—This is an action to cancel a mortgage as having been given with intent to defraud the plaintiff and prevent it from collecting a debt owed to it by the mortgagor.

The mortgage, executed on December 28, 1937, by Frank Feliciano, who was a liquor merchant, purported to cover all of the mortgagor's stock and fixtures and also four automobile trucks used in connection with the business, as security for a note for $3,500 of the same date payable to M. Nahmens. The answer admits that at the time of the execution of the mortgage Feliciano was indebted to the plaintiff in the sum of $7,434.20, but alleges that the mortgage was given in good faith as security for debts then owed by Feliciano to one Fesler, who was a brother-in-law of Feliciano, and to Fred A. Shaeffer, who was Feliciano's attorney. It is further alleged that the note and mortgage were given to M. Nahmens, who was Shaeffer's secretary, at the request of Shaeffer and with the consent of Fesler. It is not alleged that either Fesler or Shaeffer had assigned his claim to the defendant Nahmens.

At the trial it was conceded that the mortgage was void in so far as the stock and fixtures were concerned, as no notice of intention to mortgage those items had been given. The case was tried on the issues as to the validity of the mortgage with respect to the trucks. A purported assignment was introduced in evidence dated December 27, 1937, whereby Fesler assigned a claim for $1500 against Feliciano to Shaeffer, and Shaeffer assigned the same claim to M. Nahmens. There is no evidence that this assignment was ever delivered to Nahmens, or that Shaeffer's claim was ever assigned to her, and the answer alleges that at all times material here the purported debts secured by the mortgage were owed by Feliciano to Fesler and Shaeffer. The court found in all respects in favor of the plaintiff, including findings that this mortgage was given to Nahmens without consideration at a time when the mortgagor was insolvent, that it was given with intent to defraud, hinder and prevent the plaintiff from collecting the debt owed to it by Feliciano, and that the mortgagee took the instrument with knowledge that it was given for the purpose of defrauding the plaintiff. Judgment was entered accordingly and the defendants have appealed.

Appellants' main contention is that there is no evidence to support the court's findings to the effect that this mortgage was given with the intent to defraud and hinder the respondent, and prevent the collection of its debt. In this connection the record contains the following evidence. On December 27, 1937, Feliciano told respondent's local manager that he was unable to pay his debt to the respondent. This manager made him an offer to buy out his stock, fixtures and equipment. Feliciano asked for time in which to consider the proposition. On December 28, 1937, the parties again discussed a settlement and Feliciano asked for further time, saying nothing about any intention to mortgage or dispose of his property. On December 30, 1937, Feliciano told the respondent's manager that he was not going to accept the proposition and that "you can go as far as you like".

In the meantime and on December 28, 1937, Feliciano disposed of all of his other property and executed this mortgage. Feliciano testified that before the mortgage was drawn he told his attorney, Shaeffer, that he "was in a mess" and that the respondent was trying to take his business away from him. He gave conflicting testimony as to the amounts he owed to Fesler and Shaeffer. He admitted that after he gave the mortgage he put the trucks "in hiding", saying that he did this on "orders from my attorney". While Fesler testified that all of his claim was for money loaned to Feliciano many years before, while Shaeffer testified that most of his claim was for money advanced many years before, and while Feliciano had later gone through bankruptcy, these claims were not listed or filed in that proceeding. There is also evidence that Shaeffer, on November 8, 1937, sent a bill to Feliciano for $198.11 with a statement that it included charges and credits up to the first of that month.

The appellant Nahmens testified that the first knowledge she had of this mortgage or of a plan to execute it was when Shaeffer dictated it to her; that she had not talked to Feliciano about it; that she was not told why it was put in her name; that she knew a suit had then been filed against Feliciano; that she was not asked if she were willing to take an assignment of the Fesler claim; that she gave nothing for the note and mortgage; and that she makes no claim and never has made a claim of having any interest in the note and mortgage. When asked why she had signed the affidavit attached to the

mortgage, to the effect that the same was not given for the purpose of defrauding creditors, she replied: "I just signed it because it should be signed." Feliciano admitted on the witness stand that in a previous action, in which this respondent recovered a judgment for $7,434.20 against him, he had testified that he gave this mortgage "for the purpose of defeating the claim of the Coca Cola Bottling Company".

This evidence speaks for itself and, with the reasonable inferences therefrom, is entirely sufficient to sustain the findings of which the appellants complain.

The appellants further contend that the court erred in failing to specifically find with respect to three other matters, all of which are entirely immaterial in view of the other findings which we have considered and which are controlling.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.